| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

ROY AUBURN PECK, III,

        Plaintiff,

    v.

HOPKINS, et al.,

        Defendants.

No. 2:17-cv-0430 JAM KJN P

ORDER

    Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

3

In the instant complaint, plaintiff names RN Hopkins, "SRN" II Blanks, Supervising Nurse, Deuel Vocational Institution ("DVI")/California Department of Corrections and Rehabilitation ("CDCR") medical as an entity, CMO D. Broskine, LVN Wang, Correctional Officer Chi, and Dr. Awatani as defendants. Plaintiff alleges he was given medication prescribed for another inmate, Brian Peck, on May 27, 2015 and May 28, 2015, and while having a reaction to this wrong medication, he suffered a seizure, and was given a concussion while being loaded onto a gurney, without neck or back support. Plaintiff claims defendant Blanks told plaintiff she would check the count on the medication, but if it was off, she would not tell plaintiff so he could use it in a case. (ECF No. 1 at 8.)

Plaintiff provided numerous exhibits. (ECF No. 1 at 10-213.) In his description of his exhibits, plaintiff notes facts supporting "professional negligence and professional malpractice," "records showing medical malpractice." (ECF No. 1 at 10.) Plaintiff reported in medical records that they moved him during his seizure and he "bang[ed] [his] head," (ECF No. 1 at 12); plaintiff "has headache due to a small abrasion on left side frontal head," (ECF No. 1 at 16); "states he bumped his head yesterday while being transported on gurney," (ECF No. 1 at 17); "he had a seizure on 5/27/15 and hit his head on the gurney," (ECF No. 1 at 40); "banged head," (ECF No. 1 at 42); "he hit his head," (ECF No. 1 at 46); and "C/O Sheldon [saw] [plaintiff's] head hit the head of the gurney (an unpadded metal plate)," (ECF No. 1 at 50). On June 11, 2015, Dr. Brian Leo noted that plaintiff had multiple clinic visits for headaches, and was currently taking naproxen and propranol, "but does not help." (ECF No. 1 at 46.) Dr. Leo noted plaintiff has history of migraines. Dr. Leo's initial impressions were first, post traumatic neck strain, and second, migraine headache. (ECF No. 1 at 46.) Dr. Leo found no medical indication for CT head or MRI, recommended neck x-ray to exclude any pathology, switch to different NSAIDS, and add muscle relaxant, cold compress, self-directed exercises. (Id.) Plaintiff was later provided a brain CT, because on July 6, 2015, Dr. Awatani discussed results of plaintiff's brain CT, which was negative or normal. (ECF No. 1 at 32, 34.) On July 9, 2015, plaintiff was taking Tylenol with Codeine and Sulindac for neck pain. (ECF No. 1 at 31.)

////

Plaintiff's complaint suffers from a number of deficiencies.  First, plaintiff has named improper defendants.  DVI, the CDCR, and the DVI/CDCR medical department are not proper defendants.  State agencies, such as the CDCR, DVI, and the medical department, are immune from suit under the Eleventh Amendment.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies).  Thus, these defendants are dismissed.

Second, plaintiff fails to include charging allegations as to each named defendant.  For example, plaintiff included no factual allegations as to CMO Dr. Broskine.  To the extent plaintiff names Dr. Broskine solely based on the doctor's role as Chief Medical Officer, such claim is based on a theory of respondeat superior, which is insufficient to state a cognizable civil rights claim.  Plaintiff must include facts demonstrating that each named defendant acted, or failed to act, in a way that shows deliberate indifference to plaintiff's serious medical needs.

Third, plaintiff's complaint is difficult to parse because he includes notes to the court and other explanations that are extraneous to his claims, and repeats several times that he filed a government tort claim, and includes explanations concerning his efforts to do so.  Plaintiff's pleading should only include the factual allegations relevant to each defendant.  The complaint must clearly identify each individual named as a defendant and set forth the action plaintiff alleges the defendant did or did not take so that the court may screen the complaint, and the named defendant may respond to plaintiff's claims.  Plaintiff may not simply direct attention to allegations raised in exhibits; rather, plaintiff must expressly state what each defendant did or did not do that allegedly violated plaintiff's constitutional rights.

Fourth, turning to the substance of the claims, plaintiff fails to allege any facts demonstrating deliberate indifference; rather, it appears that his claims are based on negligence.

While the Eighth Amendment of the United States Constitution entitles plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate

5

indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Toguchi, 391 F.3d at 1060 (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Toguchi, 391 F.3d at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Additionally, a difference of opinion between a physician and the prisoner -- or between medical professionals -- regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Snow, 681 F.3d at 987, Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his]

////

health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Here, the medical records provided by plaintiff demonstrate that plaintiff was seen by multiple medical professionals concerning his complaints of neck pain and headaches and his prescriptions were changed as he presented with complaints that current medication was not working. In addition, plaintiff was provided with an x-ray as well as a brain CT scan. Such treatment cannot be described as deliberate indifference to plaintiff's serious medical needs.

Plaintiff is cautioned that, in applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). In addition, mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Snow, 681 F.3d at 988; Toguchi, 391 F.3d at 1058.

For all of the above reasons, the court has determined that the allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the FAC must be dismissed. The court will, however, grant leave to file an amended complaint

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo, 423 U.S. at 371. Also, the complaint must allege in specific terms how each named defendant is

involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Duffy, 588 F.2d at 743.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes prior versions of the complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

However, plaintiff is not required to re-append his exhibits. Plaintiff may simply refer to the exhibits previously provided.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the warden filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the amended complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

////

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff the form necessary to file a prisoner civil rights complaint.

Dated: April 12, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/peck0430.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY AUBURN PECK, III,<br><br>        Plaintiff,<br><br>   v.<br><br>HOPKINS, et al.,<br><br>        Defendants. | No.  2:17-cv-0430 JAM KJN P<br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____     Amended Complaint

                                                       _____
                                                     Plaintiff